IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| KYSEM HUMPHREY | : | NO. 25-198 |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAYQUAN JETT | : | NO. 25-199 |

MEMORANDUM

Bartle, J.                                                  July 1, 2025

Before the court is the motion of the Government under Rule 8(b) of the Federal Rules of Criminal Procedure for joinder for trial of defendants Kysem Humphrey and Jayquan Jett who are charged in separate indictments.

On May 8, 2025, a grand jury in the Eastern District of Pennsylvania returned a single count indictment charging Humphrey and a single count indictment charging Jett with possession of a firearm with machinegun conversion devices in violation of 18 U.S.C. §922(o).  Humphrey was charged with knowingly possessing a brown 9mm pistol, with no serial number, equipped with a machinegun conversion device and an extended magazine loaded with 24 live rounds of ammunition.  Jett was charged with knowingly possessing a black AR-style pistol, with no serial number, equipped with a machinegun conversion device and loaded with 16 live rounds of ammunition. Both indictments

state that the crimes occurred on or about December 17, 2024 in Philadelphia.

Neither indictment contains any additional facts, and neither makes any reference to the other defendant. The indictments are devoid of any reference to conspiracy, participation in a common illicit enterprise, or aiding and abetting.

Rule 8(b) provides: "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). This Rule contrasts with Rule 8(a) which involves charges against a single defendant and is more permissive than Rule 8(b). Under Rule 8(a) "the indictment or information may charge a defendant with offenses of the same character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

A motion to join under Rule 8(b) "focuses on the indictment, not upon the proof that was subsequently produced at trial." United States v. Irizarry, 341 F.3d 273, 287 (3d. Cir. 2003); United States v. Eufrasio, 935 F.2d 567, 567 (3d Cir. 1991). The Government in its brief goes into greater detail about the circumstances of the defendants' arrests and offenses

-2-

than it does in the indictments. What evidence the Government intends to offer at trial which is not referenced in the indictment should play no role in the outcome of the pending motion.

Rule 8(b) requires "a 'transactional nexus' between the defendants for the counts to be properly joined." United States v. Riley, 621 F.3d 312, 334 (3d Cir. 2010) (citing United States v. Jimenez, 513 F.3d 62, 82-83 (3d Cir. 2008)). Establishing a transactional nexus requires that "defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions . . . .'" Jimenez, 513 F.2d at 82-83 (quoting Fed. R. Crim. P. 8(b)). Committing the same offense is not synonymous with participating in the same act or transaction. Upon review of both indictments, the Government does not allege that Humphrey or Jett were participating in the same act or transaction, or in the same series of acts of transactions when they committed their alleged crimes. It is not sufficient, without more, for a joint trial simply because the defendants committed the same offense on the same day and in the same city.

The Government maintains that the cases should be joined to promote judicial efficiency and serve the interests of justice. See Zafiro v. United States, 506 U.S. 534, 540 (1993). These factors, while important, are relevant only if the

defendants could have been joined in the same indictment under Rule 8(b). Id. at 537. In Zafiro, for example, which references Rule 8(b), the defendants were properly charged in the same indictment and a severance was sought without success. As defendants here cannot be properly joined in the same indictment, the Government cannot circumvent the Rule 8(b) by filing separate indictments and then obtaining a joint trial.[1]

Accordingly, the motion of the Government for joinder pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure will be denied.

---

1. The Government additionally relies on Rule 14(a) to maintain that the joinder is proper due to a lack of prejudice to defendants. Rule 14(a) states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). This Rule, however, is applicable to cases where a defendant or the Government is seeking separate trials in a multi-defendant case. See United States v. Green, 114 F.4th 163, 170 (3d Cir. 2024); see also Zafiro, 506 U.S. at 536. Here, the Government attempts to do the opposite, that is, try in one trial two defendants indicted separately.